UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RITA F. CARTER )
)
v. ) NO. 2:06-CV-74
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

MEMORANDUM OPINION

The plaintiff, Rita F. Carter, has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security, Jo Anne B. Barnhardt, to deny her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Carter was born in 1958 and was 46 years old at the time of her administrative hearing. [Tr. 16, 228]. She completed tenth grade and has relevant past work experience as a custodian and stocker. [Tr. 13, 228]. Ms. Carter alleges disability as of April 10, 2003, from musculoskeletal problems, hypertension, a history of breast cancer, and anxiety and depression. [Tr. 13]. The Administrative Law Judge [ALJ] found that Ms. Carter suffers from a severe impairment and is

unable to perform any of her past relevant work. Based upon her age, education, work experience and the residual functional capacity (RFC) to perform a full range of medium work, however, the ALJ found that Medical-Vocational Rule 203.25 dictates a finding of "not disabled". [Tr. 71-18]

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining the existence of substantial evidence, the Court must examine the administrative record as a whole. *Kirk v. Secretary*, 667 F. 2d 524 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Carter's testimony was received into evidence at her administrative hearing held on July 14, 2005. [Tr. 228-40]. Ms. Carter testified she quit school

after completing the tenth grade. [Tr. 228]. She last worked for eight years at Kmart as a cleaner and freight unloader. [Tr. 228-29, 231]. Prior to that position, Ms. Carter worked as a cleaner in a funeral home two days a week. [Tr. 231]. She was diagnosed with cancer in February 2001 and underwent chemotherapy and surgery. [Tr. 232]. Ms. Carter believes she can no longer work because she is unable to lift, has shortness of breath, and her legs swell. [Tr. 233]. She also suffers from high blood pressure, arthritis in her fingers, elbow, toes, and back, and memory loss. [Tr. 234-36]. Ms. Carter is able to perform her housework but frequently lays down between chores. [Tr. 238].

Ms. Carter first challenges the ALJ's credibility finding, arguing that "the ALJ improperly found her subjective allegations of pain and disability not credible." According to the ALJ, Ms. Carter's "credibility is diminished by her testimony at the [administrative] hearing stating that she could do all her daily activities but needs to rest. She can also take care of household tasks such as cooking, cleaning, shopping, and doing laundry." [Tr. 16]. The ALJ also noted that Ms. Carter left her job at Kmart not because of her impairments but because the store closed. [*Id.*]. In addition, Ms. Carter's treating physician recommended she see an orthopedist or rheumatologist for her symptoms, but she never did. [*Id.*]. Based on the foregoing, the ALJ's finding concerning Ms. Carter's

3

credibility was made with substantial evidence. Ultimately, however, this court notes that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. Carter also contends the ALJ erred in failing to credit the opinion of her treating physician. The medical opinion of the treating physician is to be given substantial deference – and, if that opinion is not contradicted, complete deference must be given. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). Under SSA regulations, the opinion of a treating physician is entitled to controlling weight is such opinion (1) "is well supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Even if not entitled to controlling weight, the opinion of a treating physician is generally entitled to more weight than other medical opinions, as

> these [treating] sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the applicant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Id.* In such cases, the SSA considers several factors in assessing the weight of the

4

opinion of the treating physician, including: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant. 20 C.F.R. §§ 404.1527(d)(2)–(d)(6). The SSA must clearly articulate the reasons underlying its decision to give a medical opinion a specific amount of weight. *Wilson v. Comm'r of Soc. Sec.,* 378 F. 3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. §§ 404.1527(d)(2)).

According to a form completed in August 2005 by claimant's treating physician, Dr. Mark J. Dalle-Ave's medical opinion was that Ms. Carter could stand for 15 minutes and sit for 30 minutes at one time; could only work for two hours per day, lifting five pounds on an occasional basis and no weight on a frequent basis; and had a marked impairment in her ability to understand, remember, and carry out very short and simple instructions. [Tr. 219]. The ALJ noted that Dr. Dalle-Ave's opinion of Ms. Carter was "inconsistent with the totality of the evidence, which show[ed] only conservative treatment for her musculoskeletal problems." [Tr. 15].

This court finds that substantial evidence in the record supports the opinion of the ALJ that Dr. Dalle-Ave's opinions concerning Ms. Carter were inconsistent with his treatment records. The doctor began seeing her as a patient in March 2001. [Tr. 126]. In subsequent visits, Dr. Dalle-Ave generally recommended moist heat, massage, and stretching for Ms. Carter's back and leg pain or follow up visits with him a few months later. [Tr. 112, 114, 118, 220, 222]. A lumbar spine X-ray from August 2002 indicated "some degree of paralumbar muscle spasm," but also "no abnormalities of the vertebral bodies, disc spaces and posterior elements." [Tr. 139]. A bone scan performed in December 2003 was "unremarkable." [Tr. 133]. Dr. Dalle-Ave's medical records for Ms. Carter fail to indicate any medical conditions, concerns, or test results that would translate to her only being able to work two hours out of an eight-hour workday and lift such small amounts of weight. Consequently, the doctor's diagnosis and treatment of Ms. Carter are inconsistent with his medical opinions regarding her limitations and abilities, and his opinion appears to be based more on the claimant's subjective claims rather than objective medical evidence.

Dr. Dalle-Ave's recommendations are also at odds with other medical evidence. For example, state agency medical consultant Dr. George Bounds, Jr.,

reviewed Ms. Carter's medical records in May 2004. [Tr. 210-15]. He found Ms. Carter's allegations of pain to be "partially credible," and he assigned her RFC accordingly. The doctor concluded that she could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and stand/walk/sit for about six hours in an eight-hour workday. [Tr. 211]. Ms. Carter could frequently climb, balance, stoop, kneel, crouch, and crawl. [Tr. 212]. Dr. Bounds did not recommend any manipulative, visual, communicative, or environmental limitations. [Tr. 212-14]. Dr. Bounds' recommendations provided that Ms. Carter could perform medium exertional work. *See* 20 C.F.R. §§ 404.1567(c) and 404.1527(f)(2)(i).

Because Dr. Dalle-Ave's recommendations for Ms. Carter were in conflict with other substantial evidence and were not supported by medically acceptable clinical and laboratory diagnostic techniques as required by 20 C.F.R. § 404.1527 (d)(2), the ALJ was not required to give them great weight. Moreover, the ALJ clearly articulated the reasons for his decision as to the weight given the treating physician's medical opinion.

After careful consideration of the entire record of proceedings related to this case, Ms. Carter's motion for summary judgment [Doc. 8] will be denied, the

defendant's motion for summary judgment [Doc. 9] will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE